Enos D. Wass *vs.* Bryce T. Plummer.

Washington. Decided June 7, 1878.

*Trespass, qu. cl. Husband and wife.*

Trespass *qu. cl.* may be maintained by the husband for an injury to the real estate of the wife, he being in possession of the same, irrespective of any right acquired by virtue of the marriage relation.

On motion.

Trespass, *quare clausum,* on the Letter B, or Cape Split, lot of about 100 acres in Addison, bounded on three sides by the waters of Eastern harbor, the ocean and Pleasant river and on the north by the William Wass lot.

There was evidence tending to show that the plaintiff owning and occupying the premises conveyed them to Loring B. Wass, June 23, 1852, as security for money lent, but by a right out deed; that Wass conveyed to plaintiff's wife, October 7, 1864; that the occupancy of the plaintiff was continuous and uninterrupted before and after each conveyance.

The defendant among other grounds of defense, unnecessary to state, contended that the plaintiff had no possession such as could entitle him to maintain the action ; that with the title in his wife, and she on the premises, there was no proof that he was her tenant; that his testimony, " Julia Wass is my wife and I have had entire management of the place," implied that he was merely her servant.

The verdict was for the plaintiff; and the defendant moved to set it aside as against law, evidence and the charge of the presiding justice.

*F. C. Nash*, for the defendant.

*Wm. Freeman, jr.*, for the plaintiff.

Appleton, C. J.   This is an action of trespass *quare clausum.* It comes before us on a motion to set aside the verdict as against law and evidence.

It appears that the legal title under which the plaintiff claims is in his wife.   The jury have found by their verdict that the plaintiff was in the actual possession of the *locus in quo.*

The objection is taken, that notwithstanding the possession was in the husband, inasmuch as the legal title was in the wife, this action cannot be maintained. But this objection cannot be sustained.

Trespass *quare clausum* is a possessory action. To maintain it, it is only necessary to show the act done and the plaintiff in possession. The action lies, however temporary the plaintiff's interest may be, even though it be merely in the profits of the soil as *vestura terræ*, if it be in exclusion of others. The wife can transfer her title by deed. She can give a valid lease to her husband, (*Freeman* v. *Underwood*, 66 Maine, 229); and he can maintain trespass for an invasion of his possessory right. Neither can it matter how such right may be acquired, whether by written or verbal agreement.

The jury have found by their verdict that the plaintiff was in possession of the premises in controversy irrespective of any rights acquired by virtue of the marriage relation, and he is equally entitled to vindicate his possessory right when illegally interfered with, whether title to the soil be in his wife or in anybody else.

No exceptions are taken to the charge of the presiding justice, which was clear, full and sufficiently favorable to the defendant. There was much conflicting evidence as to numerous questions at issue, but there was no such preponderance of proof on the part of the defendant as would require or justify our interference with the decision of the jury.

*Motion overruled.*

DICKERSON, DANFORTH, PETERS and LIBBEY, JJ., concurred.
VIRGIN, J., concurred in the result.